IN THE MATTER OF THE PETITION OF RALPH MARSH, TO
VACATE AN ASSESSMENT.

*What assessments are validated by the certificate of the comissioners acting under
chapter* 580 *of* 1872—*advertisement for proposals*—*what provisions in do not
render a contract invalid*—*what not a "substantial error."*

APPEAL by the Mayor, &c., of the city of New York, from an
order of the Special Term, vacating an assessment for the regu-
lating and grading of Ninety-sixth street from Second to Fifth
avenues.

The petitioner alleged that the contract for the work in question
was not given out to the lowest bidder, as required by law. The
notice to the contractor contained this clause: "Bidders will
state in their proposals the price for excavating rock per cubic yard
(one-fourth the price bid for rock excavation will be allowed as the
price for earth excavation per cubic yard)." When the bids were
opened, it was found that there were fourteen bidders for the
work in question, as appears from the memorandum of bids.
Patrick Farley was the lowest bidder for the work; his bid
was rejected by the Commissioner of Public Works, on the
ground that he had bid for earth excavation more than one-fourth
the price he bid for rock excavation, and a memorandum to that
effect was made at the foot of Farley's bid. The contract in
question came before the contract commissioners appointed by
chapter 580 of the Laws of 1872, and was certified by them to be
free from fraud, as appears by the certificate of the Comptroller,
dated March 9, 1876. The work itself was completed, as appears
by the certificate of the inspectors, in January, 1876.

The court, at General Term, said: "This assessment was vali-
dated by the certificate of the commissioners under the act of 1872
(ch. 580). It is not a case of fraud or repavement. Consequently
the decision *In re Astor* (53 N. Y., 617) does not apply. It is,
however, directly within the principle of *In re Peugnet* (5 Hun,
434). The opinion in this case was prepared by Mr. Justice
DANIELS, and his views upon the point in question were subsequently
adopted by the Court of Appeals (67 N. Y., 441). But further,

we do not think that the irregularity complained of amounted to a 'substantial error,' by which the petitioner can be said to be 'aggrieved.' The commissioner's invitation for bids, upon the alleged defect in which the petitioner's case rests, was not an evasion of the statutes. It was rather calculated to prevent evasion. The particular clause which the petitioner criticises, viz. : ' one-fourth the price bid for rock excavation will be allowed as the price for excavation per cubic yard,' was undoubtedly formulated with a view to secure the really, rather than the apparently, lowest bidder. Such, too, seems to have been its practical effect, as the work was done for less than the lowest competitive offer."

*Francis Lynde Stetson*, for the appellant.

*John C. Shaw*, for the respondent.

Opinion by BARRETT, J.; DAVIS, P. J., and INGALLS, J., concurred.

Order reversed.